**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ABBOTT LABORATORIES,

                                    Plaintiff,

          -against-

CAROL FEINBERG,

                                    Defendant.

Case No. 18-cv-8468 (LGS)

**ABBOTT LABORATORIES'**
**ANSWER AND AFFIRMATIVE**
**DEFENSES TO FEINBERG'S**
**COMPLAINT**

     Abbott Laboratories ("Abbott") hereby responds under Rule 8 of the Federal Rules of Civil Procedure to the claims asserted by Carol Feinberg in her Complaint filed in a related action, which has since been consolidated with the above-captioned case.  *See Feinberg v. Abbott Laboratories*, Case No. 19-cv-0600 (LGS).  Abbott denies each and every allegation of the Complaint not expressly and specifically admitted below.

## SUMMARY OF THE CASE

     1.    Abbott admits that the chattel at issue is a valuable artwork (the "Artwork") that is now in Feinberg's possession.  Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 1, and therefore denies those allegations.

     2.    Abbott denies the allegations in Paragraph 2.

     3.    Abbott admits that Plaintiff purports to bring this action as a declaratory-judgment action.  Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 3, and therefore denies those allegations.

## PARTIES, JURISDICTION, AND VENUE

     4.    Abbott admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

5.      Abbott admits that it is an Illinois corporation, it is headquartered in Abbott Park, Illinois, and it conducts business in Illinois.  Abbott denies each and every remaining allegation in Paragraph 5.

6.      Abbott admits that it is an Illinois corporation, and it is headquartered in Abbott Park, Illinois.  Abbott denies each and every remaining allegation in Paragraph 6.

## PARTIES

7.      Abbott admits that Feinberg purports to be a resident of New York, New York.

8.      Abbott admits the allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9.      Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 9, and therefore denies those allegations.

10.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 10, and therefore denies those allegations.

11.     To the extent that Paragraph 11 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 11, and therefore denies those allegations.

12.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 12, and therefore denies those allegations.

13.     Abbott denies the allegations in Paragraph 13.

14.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 14, and therefore denies those allegations.

15.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 15, and therefore denies those allegations.

16.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 16, and therefore denies those allegations.

17.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 17, and therefore denies those allegations.

18.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 18, and therefore denies those allegations.

19.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 19, and therefore denies those allegations.

20.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 20, and therefore denies those allegations.

21.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 21, and therefore denies those allegations.

22.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 22, and therefore denies those allegations.

23.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 23, and therefore denies those allegations.

24.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 24, and therefore denies those allegations.

25.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 25, and therefore denies those allegations.

26.    Abbott admits that, prior to 2002, it acquired a number of works of art, including the Artwork.  Abbott denies each and every remaining allegation in Paragraph 26.

27.    Abbott admits that, prior to 2002, it sold, gifted, or otherwise transferred certain artworks in its collection.  Abbott denies each and every remaining allegation in Paragraph 27.

28.    Abbott admits that it has at times, including in or around 2002, retained the services of various appraisers to value artworks in its collection.  Abbott denies each and every remaining allegation in Paragraph 28.

29.    Abbott denies the allegations in Paragraph 29.

30.    Abbott admits that at in or around August 2003, it filed a police report with the Lake County Sherriff's Department concerning a theft of an artwork from its art collection. Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 30, and therefore denies those allegations.

31.    Abbott admits that at in or around August 2003, it filed a police report with the Lake County Sherriff's Department concerning a theft of an artwork from its art collection, including concerning Abbott's suspicion that an artwork had been switched with a forgery. Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 31, and therefore denies those allegations.

32.    Abbott denies the allegations in Paragraph 32.

33.    Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 33, and therefore denies those allegations.

34.    Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 34, and therefore denies those allegations.

35.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 35, and therefore denies those allegations.

36.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 36, and therefore denies those allegations.

37.     Abbott admits that at in or around 2003, it communicated with the Federal Bureau of Investigations (the "FBI") concerning an artwork from its art collection.   Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 37, and therefore denies those allegations.

38.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 38, and therefore denies those allegations.

39.     Abbott denies the allegations in Paragraph 39.

40.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 40, and therefore denies those allegations.

41.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 41, and therefore denies those allegations.

42.     Abbott denies the allegations in Paragraph 42.

43.     Abbott admits the allegations in Paragraph 43.

44.     Abbott admits that a representative of Abbott contacted a museum seeking information concerning the Artwork; Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 44, and therefore denies those allegations.

45.     Abbott admits that a representative of Abbott contacted a former principal of an art gallery seeking information concerning the Artwork; Abbott is without sufficient knowledge

to admit or deny the remaining allegations in Paragraph 45, and therefore denies those allegations.

46.     Abbott admits the allegations in Paragraph 46.

47.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 47, and therefore denies those allegations.

48.     Abbott denies the allegations in Paragraph 48.

49.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 49, and therefore denies those allegations.

50.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 50, and therefore denies those allegations.

51.     Abbott admits the allegations in Paragraph 51.

52.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 52, and therefore denies those allegations.

53.     Abbott denies the allegations in Paragraph 53.

54.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 54, and therefore denies those allegations.

55.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 55, and therefore denies those allegations.

56.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 56, and therefore denies those allegations.

57.     To the extent that Paragraph 57 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott is without sufficient

knowledge to admit or deny the allegations in Paragraph 57, and therefore denies those allegations.

58.     Abbott denies the allegations in Paragraph 58.

59.     Abbott denies the allegations in Paragraph 59.

60.     Abbott denies the allegations in Paragraph 60.

61.     Abbott denies the allegations in Paragraph 61.

62.     Abbott denies the allegations in Paragraph 62.

63.     Abbott admits that it discovered in 2018 that Feinberg possesses the Artwork. Abbott is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 63, and therefore denies those allegations.

64.     Abbott denies the allegations in Paragraph 64.

65.     Abbott denies the allegations in Paragraph 65.

66.     Abbott denies the allegations in Paragraph 66.

67.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 67, and therefore denies those allegations.

68.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 68, and therefore denies those allegations.

69.     Abbott admits the allegations in Paragraph 69.

70.     Abbott denies the allegations in Paragraph 70.

71.     Abbott denies the allegations in Paragraph 71.

72.     Abbott denies the allegations in Paragraph 72.

73.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 73, and therefore denies those allegations.

74.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 74, and therefore denies those allegations.

75.     Abbott denies the allegations in Paragraph 75.

76.     Abbott denies the allegations in Paragraph 76.

77.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 77, and therefore denies those allegations.

78.     Abbott is without sufficient knowledge to admit or deny the allegations in Paragraph 78, and therefore denies those allegations.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT UNDER 28 U.S.C. §§ 2201 and 2202

79.     Abbott repeats and realleges its response to each and every allegation of the preceding paragraphs as though fully set forth herein.

80.     Abbott admits that this Court has authority to decide actual controversies within its jurisdiction under 28 U.S.C. § 2201.

81.     Abbott admits the allegations in Paragraph 81.

82.     Abbott denies the allegations in Paragraph 82.

83.     Abbott admits that it claims good title to the Artwork.  Abbott denies each and every remaining allegation in Paragraph 83.

84.     To the extent that Paragraph 84 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott denies the allegations in Paragraph 84.

85.     To the extent that Paragraph 85 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott denies the allegations in Paragraph 85.

86.    To the extent that Paragraph 86 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott denies the allegations in Paragraph 86.

87.    To the extent that Paragraph 87 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott admits that an actual controversy exists between the parties to this case, and that by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, the Southern District of New York is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

88.    To the extent that Paragraph 88 sets forth conclusions of law, not allegations of fact, no response is required; to the extent a response is required, Abbott denies the allegations in Paragraph 88.

**SECOND CLAIM FOR RELIEF**

**SLANDER OF TITLE**

89-95.  Abbott is moving to dismiss Feinberg's Second Claim for Relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and therefore no response is required to Paragraphs 89-95.

**PRAYER FOR RELIEF**

Abbott denies that it is liable to Feinberg and denies that Feinberg is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Abbott alleges and asserts the following affirmative defenses in response to the allegations.  By pleading the defenses set forth below, Abbott does not admit that it bears the burden of proof on all or any of the aforesaid defenses, and reserves all rights with respect to allocation of the burden of proof under the applicable law.

## FIRST AFFIRMATIVE DEFENSE

Feinberg has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Abbott has at all times acted in good faith and with reasonable grounds for believing that its conduct was not wrongful, tortious, or unlawful.  Any damages sustained by Feinberg were caused wholly or in part by the acts and omissions of Feinberg herself, or by the acts and omissions of other third parties, all of which acts and omissions were beyond Abbott's control. Even if Feinberg's claims are not completely barred as a result, any damages allegedly suffered must be reduced as a result of the consequences of such conduct.

## THIRD AFFIRMATIVE DEFENSE

Abbott's replevin claim against Feinberg is not barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Abbott's replevin claim against Feinberg is not barred by the equitable doctrine of laches because Abbott acted with reasonable diligence to discover and pursue its claim against Feinberg, and Feinberg has not been prejudiced by any delay.

## FIFTH AFFIRMATIVE DEFENSE

Abbott's replevin claim against Feinberg is not barred by "entrustment" under the Uniform Commercial Code because Abbott never entrusted the Artwork to an art merchant who sold the Artwork to a buyer in the ordinary course of business.

## SIXTH AFFIRMATIVE DEFENSE

Feinberg's claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Abbott owes anything to Feinberg, Abbott is entitled to offset Feinberg's claims based on damages caused by Feinberg.

## EIGHTH AFFIRMATIVE DEFENSE

Feinberg is barred in whole or in part from maintaining this action and recovering any damages under the doctrines of waiver, equitable estoppel, and/or ratification.

## OTHER DEFENSES RESERVED

Abbott further asserts that the above affirmative defenses are based upon an investigation that is not yet complete and without the benefit of discovery. Abbott reserves the right to assert all affirmative and other defenses at law or in equity that may become known in the future.


Dated: March 21, 2019
       New York, New York

GROSSMAN LLP

By:_____
       Judd B. Grossman, Esq.
       jgrossman@grossmanllp.com
       **GROSSMAN LLP**
       745 Fifth Avenue, 5th Floor
       New York, New York  10151
       Telephone:  (646) 770-7445

       *Attorneys for Abbott Laboratories*