UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBOTT LABORATORIES,<br><br>                              Plaintiff,<br><br>  - against -<br><br>CAROL FEINBERG,<br><br>                              Defendant. | ECF Cases<br><br>Consolidated Index No. 18-cv-8468 (LGS) |
| CAROL FEINBERG,<br><br>                              Plaintiff,<br><br>  - against -<br><br>ABBOTT LABORATORIES,<br><br>                              Defendant. | Former Index No. 19-cv-600 (LGS) |

**ANSWER**

Carol Feinberg ("Mrs. Feinberg"), by her attorneys, Pryor Cashman LLP, as and for her answer and affirmative defenses to the complaint filed by Abbott Laboratories ("Abbott") (the "Abbott Complaint"), states as follows:

1. Mrs. Feinberg denies the allegations contained in Paragraph 1 of the Abbott Complaint, except admits that the artwork at issue in this action (the "Artwork") is currently located in New York. Mrs. Feinberg further denies that Abbott has ever demonstrated that the Artwork was stolen from Abbott. Furthermore, due to Abbott's inaction and undue delay in claiming the Artwork was supposedly stolen from Abbott, necessary evidence to establish the issue has been permanently lost.

2. Mrs. Feinberg denies the allegations contained in Paragraph 2 of the Abbott Complaint, and respectfully refers the Court to Paragraphs ¶¶ 9-95 of the complaint filed by Mrs. Feinberg in the above-captioned member case to this consolidated action, *Carol Feinberg v. Abbott Laboratories*, 1:19-cv-600 (the "Feinberg Complaint"), for a fuller explanation.

3. Mrs. Feinberg denies the allegations contained in Paragraph 3 of the Abbott Complaint.

4. Mrs. Feinberg denies the allegations contained in Paragraph 4 of the Abbott Complaint, except admits that she purchased the Artwork (which Abbott has not demonstrated is the same as the "Work" described in its Abbott Complaint) in or about 1993 from a high-end New York gallery.

5. Mrs. Feinberg denies the allegations contained in Paragraph 5 of the Abbott Complaint.

6. No response is necessary to the allegations in Paragraph 6 of the Abbott Complaint, which consist of legal conclusions. To the extent a response is necessary, Mrs. Feinberg denies knowledge or information sufficient to form a belief with respect to those allegations.

7. Upon information and belief, Mrs. Feinberg admits the allegations in Paragraph 7 of the Abbott Complaint.

8. Mrs. Feinberg admits the allegations in Paragraph 8 of the Abbott Complaint.

9. Mrs. Feinberg admits the allegations in Paragraph 9 of the Abbott Complaint.

10. Mrs. Feinberg admits the allegations in Paragraph 10 of the Abbott Complaint.

11. Paragraph 11 of the Abbott Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Mrs. Feinberg denies the allegations, except admits that she resides in this District and that the Artwork is located here.

12. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Abbott Complaint.

13. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Abbott Complaint.

14. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Abbott Complaint.

15. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Abbott Complaint.

16. Mrs. Feinberg denies that Abbott is the owner of the Artwork and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Abbott Complaint.

17. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Abbott Complaint.

18. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Abbott Complaint.

19. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Abbott Complaint.

20. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Abbott Complaint.

21. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Abbott Complaint.

22. Mrs. Feinberg denies that Abbott's "first ever concerns" were raised in 2016, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Abbott Complaint.

23. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Abbott Complaint.

24. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Abbott Complaint.

25. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Abbott Complaint.

26. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Abbott Complaint, except avers that Abbott has to date failed to demonstrate that the Artwork was stolen from Abbott and further avers, upon information and belief, that Abbott previously reported other works of art from its collection as stolen but did not identify the Artwork as one of the works stolen from Abbott after it conducted an internal investigation of the matter. Furthermore, due to Abbott's inaction and undue delay in claiming the Artwork was supposedly stolen from Abbott, necessary evidence to establish the issue has been permanently lost.

27. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Abbott Complaint.

28. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Abbott Complaint.

29. Mrs. Feinberg denies the allegations contained in Paragraph 29 of the Abbott Complaint, except admits that her Artwork was displayed at the Wadsworth Athenaeum as part of

the "Museum Exhibition" (as that term is defined in the Feinberg Complaint ¶ 15) where it was widely publicized, including by *The New York Times*, which included a photograph of her Artwork on the first page of its Arts Section. (*See also* Feinberg Complaint ¶¶ 15-25.)

30. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Abbott Complaint, except admits that the Artwork was displayed in a Manhattan art gallery as part of the "Gallery Exhibition" (as that term is defined in the Feinberg Complaint ¶ 24; *see also id.* ¶¶ 15-25.)

31. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Abbott Complaint.

32. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Abbott Complaint, except admits that the catalogue description and listings noted therein are technically correct, and respectfully refers the Court to ¶¶ 15-25 of the Feinberg Complaint for an accurate description of the relevant facts and circumstances.

33. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Abbott Complaint, except admits that she is the owner of the Artwork and that her late husband passed away in 2002.

34. Mrs. Feinberg denies the allegations contained in Paragraph 34 of the Abbott Complaint, except admits that she, through her representatives, was contacted by the Lake County (Illinois) State's Attorney's Office in or around January 2018.

35. Mrs. Feinberg denies the allegations contained in Paragraph 35 of the Abbott Complaint.

36. Mrs. Feinberg denies the allegations contained in Paragraph 36 of the Abbott Complaint.

37. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Abbott Complaint, except admits that she purchased the Artwork from the now-defunct Manhattan Gallery.

38. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Abbott Complaint.

39. Mrs. Feinberg denies the allegations contained in Paragraph 39 of the Abbott Complaint, except admits that she has lived in New York at all times relevant to this action.

40. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Abbott Complaint, except admits that the Artwork has been displayed in her home for more than 25 years, except when it was loaned for exhibitions.

41. Mrs. Feinberg denies the allegations in Paragraph 41 of the Abbott Complaint, except admits that her son ("Mr. Feinberg") is a prominent attorney in Boston who specializes in advising corporations on transactions.

42. Mrs. Feinberg denies the allegations in Paragraph 42 of the Abbott Complaint.

43. Mrs. Feinberg denies the allegations in Paragraph 43 of the Abbott Complaint.

44. Mrs. Feinberg denies the allegations in Paragraph 44 of the Abbott Complaint, except admits that Mr. Feinberg invited Abbott's counsel to a settlement meeting on September 6, 2018.

45. Mrs. Feinberg denies the allegations in Paragraph 45 of the Abbott Complaint, except admits that she commenced the "Illinois Action."

46. No response is necessary to the allegations in Paragraph 46 of the Abbott Complaint, which speak for themselves. To the extent that a response is required, Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of those allegations.

47. No response is necessary to the allegations in Paragraph 47 of the Abbott Complaint, which speak for themselves. To the extent that a response is required, Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of those allegations.

48. Mrs. Feinberg repeats her responses to Paragraphs 1-47 of the Abbott Complaint as if fully set forth herein.

49. Mrs. Feinberg denies the allegations in Paragraph 49 of the Abbott Complaint.

50. Mrs. Feinberg denies the allegations in Paragraph 50 of the Abbott Complaint.

51. Mrs. Feinberg denies the allegations in Paragraph 51 of the Abbott Complaint, except admits that she is in possession of the Artwork.

52. Mrs. Feinberg denies the allegations in Paragraph 52 of the Abbott Complaint, and avers that even if a demand had been made by Abbott for the return of the Artwork, Mrs. Feinberg has no legal obligation to release the Artwork.

53. Mrs. Feinberg denies the allegations in Paragraph 53 of the Abbott Complaint.

54. Mrs. Feinberg repeats her responses to Paragraphs 1-53 of the Abbott Complaint as if fully set forth herein.

55. Mrs. Feinberg admits the allegations in Paragraph 55 of the Abbott Complaint.

56. Mrs. Feinberg admits the allegations in Paragraph 56 of the Abbott Complaint.

57. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Abbott Complaint.

58. Mrs. Feinberg denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Abbott Complaint.

59. Mrs. Feinberg denies the allegations in Paragraph 59 of the Abbott Complaint, except admits that the Artwork (which Abbott has not demonstrated is the same as the "Work" described in the Abbott Complaint) is in her possession.

60. Paragraph 60 of the Abbott Complaint consists of legal conclusions to which no response is necessary. To the extent that a response is required, Mrs. Feinberg denies the allegations and respectfully refers the Court to the Feinberg Complaint.

61. Paragraph 61 of the Abbott Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Mrs. Feinberg denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

62. The Abbott Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

63. Abbott's claims are barred under the "entrustment rule" of the Uniform Commercial Code.

## THIRD AFFIRMATIVE DEFENSE

64. Abbott's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

65. Abbott's claims are barred by the equitable defense of laches.

## FIFTH AFFIRMATIVE DEFENSE

66. Abbott's claims are barred under the equitable doctrine of unclean hands.

...

### SIXTH AFFIRMATIVE DEFENSE

67. Abbott's claims are barred under the doctrines of equitable estoppel, acquiescence, and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

68. Abbott's claims are barred because it cannot demonstrate the Artwork was once owned by Abbott and/or that the Artwork was stolen from Abbott.

### EIGHTH AFFIRMATIVE DEFENSE

69. Abbott's claims are barred to the extent it was already compensated for its alleged loss, including through insurance.

### JURY TRIAL DEMANDED

70. Pursuant to Fed. R. Civ. P. 38(b), Mrs. Feinberg demands a trial by jury.

Dated: New York, New York
March 21, 2019

**PRYOR CASHMAN LLP**

By:   */s/ William L. Charron*
William L. Charron
Paul S. Cossu
Giovanna M. Marchese
wcharron@pryorcashman.com
pcossu@pryorcashman.com
gmarchese@pryorcashman.com

7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Carol Feinberg*