

**PRYOR CASHMAN LLP**                                   New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806        www.pryorcashman.com

Paul Cossu

Direct Tel: 212-326-0143
Direct Fax: 212-326-0806
PCossu@PRYORCASHMAN.com

June 21, 2019

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:     *Abbott Laboratories v. Carol Feinberg*, **Consolidated Case No. 18 Civ. 8468 (LGS) (related former Case No. 19 Civ. 600 (LGS))**

Dear Judge Schofield:

We represent Carol Feinberg ("Feinberg") in the above-referenced consolidated action. We write in response to the letter filed today by Abbott Laboratories (ECF No. 59), and to clarify the current status of discovery.

Yesterday, Abbott's counsel advised us that a scheduling conflict had arisen with regard to the deposition, scheduled for Wednesday, June 26th, of Abbott's designated Rule 30(b)(6) deponent, and requested an adjournment of the deposition accordingly. We have been seeking a deposition date of Abbott's representative since May 10th, and were only provided dates by Abbott's counsel on June 10th, after multiple requests (an email detailing those prior requests and other discovery issues relevant to this letter is enclosed). Because we have made clear that we believe it is critical to depose Abbott before any third-party depositions are taken (all of which are currently scheduled for July), and because of the competing three-week trial before Judge Gardephe commencing on July 15th, we were unable to reach an alternative deposition schedule within this action's currently July 17th fact discovery deadline.

We agreed that Mrs. Feinberg would not oppose Abbott's request to extend fact discovery, so long as an extension until no earlier than August 23rd was granted by the Court (which will enable the deposition of Abbott's representative after the trial concludes, in early August, with the remaining depositions to be taken within the following three weeks).

**PRYOR CASHMAN LLP**

June 21, 2019
Page 2

      In the event that the Court is not inclined to grant an extension of fact discovery until August 23rd, we object to Abbott's application and request that Abbott's representative be ordered to appear at the previously scheduled deposition next week, so that Mrs. Feinberg's ability to depose Abbott before third-party depositions is not prejudiced.

      Additionally, and as noted in the enclosed email, Abbott's counsel has advised us that it is representing two third-parties with information relevant to Mrs. Feinberg's claims and defenses (Daniel Colin and Lela Hersh). Abbott's counsel has advised us that Mr. Colin has no responsive documents, but counsel has failed and refused to produce responsive documents from Ms. Hersh, which are important for our upcoming deposition of Abbott's representative. We have made multiple requests for Ms. Hersh's documents (including in the enclosed email), which have gone unanswered until today. When, following Abbott's filing of its letter motion, we sought confirmation that we would receive Hersh's documents in advance of Abbott's Rule 30(b)(6) deposition, Abbott's counsel refused to do so and attempted to leverage our need for those documents by adding, "it sounds like you would benefit from our requested adjournment as much as we would and perhaps you should reconsider writing to the Court."

      Accordingly, we are constrained by Abbott's counsel's failure to produce those documents sufficiently in advance of Abbott's deposition. Therefore, in the event that the Court is not inclined to extend the deadline for fact discovery to August 23rd, we would request that the Court order the immediate production of any responsive documents of Ms. Hersh.

      Respectfully submitted,

Paul Cossu

cc:    All counsel (via ECF)

Enclosure

**Cossu, Paul**

| | |
|---|---|
| **From:** | Cossu, Paul |
| **Sent:** | Thursday, June 06, 2019 5:03 PM |
| **To:** | 'Judd Grossman' |
| **Cc:** | Charron, William; 'Lindsay E. Hogan'; 'Kate Lucas'; Marchese, Giovanna |
| **Subject:** | RE: Feinberg v. Abbott Laboratories - Rule 30(b)(6) Deposition |

Dear Judd,

This email memorializes what was discussed on our meet-and-confer call today, and the next steps in discovery:

- **Abbott's Rule 30(b)(6) deposition:** Despite our specific request that you come to the meet-and-confer with "concrete dates" for the deposition of Abbott's designated representative, you acknowledged on the call that you have not yet spoken with Abbott about Ms. Maritato's availability for a deposition. I note that we requested Abbott's availability for a June deposition in writing on May 10th, again on May 31st, and several times this week in advance of our call. Notwithstanding your failure to speak with your client in advance of our call, you have advised us that you will be speaking with Ms. Maritato "this week" and will let us know her availability upon doing so (that is, no later than Monday). As we have advised you, in light of Bill's trial in mid-July, we will need to take Abbott's deposition in June (and we have provided you with multiple acceptable dates). We look forward to confirming one of the dates that we have already provided.

- **Abbott's Rolling Document Production:** You confirmed that Abbott will be producing at least some of the documents ordered by the Court on Monday.

- **Lela Hersh and Daniel Colin:** You advised us that you would be speaking with both third-parties to get available deposition dates in July. You represented that Mr. Colin did not have any responsive documents, and that you would be speaking with Ms. Hersh about producing responsive documents in light of the Court's Order. You will be advising us no later than next week about Ms. Hersh's document production (which should not take long to produce given the service of the subpoena over a month ago) and deposition dates.

- **Inspection of the Artworks:** You have confirmed that Abbott's Work is in your possession at your office. We will get back to you with regard to when we would like to inspect Abbott's Work and who will be in attendance. Similarly, you have requested to inspect Mrs. Feinberg's Work. We will get back to you with regard to when and where Mrs. Feinberg's Work will be available for inspection.

- **Photographs of the Backs of the Other Abbott Copies:** You have indicated that you will be producing the requested photographs of the backs of the other Abbott Works that are believed to be copies with a designation of "ATTORNEYS' EYES ONLY."

We look forward to receiving documents and deposition dates as set forth above.

Sincerely,

Paul

---

PAUL S. COSSU
Partner
PRYOR CASHMAN LLP

1