```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   ABBOTT LABORATORIES,                                      :
                                     Plaintiff,              :
                                                             :   18 Civ. 8468 (LGS)
                 -against-                                   :   19 Civ. 600 (LGS)
                                                             :
   NANCY FEINBERG et al.,                                    :   OPINION AND ORDER
                                                             :
                                     Defendants.             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Abbott Laboratories brings this replevin action against Defendants Nancy Feinberg, Hope Feinberg Schroy and David Feinberg, as co-executors for the estate of Carol J. Feinberg, to recover an oil painting (the "Painting") that was allegedly stolen from Plaintiff years ago. Before the Court is Defendants' choice-of-law motion (the "Motion"), which contends that the Illinois statute of limitations should govern Plaintiff's replevin claim. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

The following facts are drawn from the parties' submissions on the Motion and the Complaint. *See Amberger v. Legacy Capital Corp.*, No. 17 Civ. 532, 2017 WL 4863093, at *8 (S.D.N.Y. Oct. 16, 2017).

Plaintiff is a corporation organized under Illinois law, with its headquarters in Abbott Park, Illinois. In 1960, Plaintiff purchased the Painting from a New York City art dealer, to include in its corporate art collection. In early 2016, Plaintiff retained the services of an expert art appraiser to assess and update the valuation of the works in its collection for insurance purposes. In March 2016, the appraiser issued a report concluding, for the first time, that Plaintiff was in possession of a deliberate forgery of the Painting (the "Copy").

Upon learning this information, Plaintiff immediately contacted law enforcement, and the Painting was eventually discovered, in 2018, in Carol Feinberg's apartment in Manhattan. Plaintiff asked Ms. Feinberg to return the Painting, and she refused. According to Defendants, Ms. Feinberg, a longtime domiciliary of Manhattan, purchased the Painting in good faith from a Manhattan art gallery in 1993, which had acquired the Painting from Eric Kaufman, a New York art collector. Mr. Kaufman testified that R. Bruce Duncan sold the Painting to a New York company formed by Mr. Kaufman in 1987. Plaintiff suspects that Mr. Duncan stole the Painting in 1987, when it was offsite for cleaning.

Plaintiff attempted to engage in settlement negotiations with Ms. Feinberg, who invited Plaintiff's representatives to meet with her son, Defendant David Feinberg, now a co-executor of her estate. Before any meeting could occur, on August 31, 2018, Ms. Feinberg filed a declaratory judgment action in the Northern District of Illinois (the "Illinois Action"), seeking a declaration, among other things, that she is the rightful owner of the Painting, and that Plaintiff does not have good title to the Painting and is barred from asserting so by the statute of limitations.

On September 17, 2018, Plaintiff filed the current action, asserting a replevin claim and seeking a declaratory judgment that Plaintiff (not Ms. Feinberg) is the rightful owner of the Painting with a right to immediate possession, and concurrently filed a motion to dismiss the Illinois Action or, alternatively, transfer the case to the Southern District of New York. On December 27, 2018, the Illinois court granted Plaintiff's motion to transfer pursuant to 28 U.S.C. § 1404(a). On February 28, 2019, this Court granted the parties' joint letter motion to consolidate the cases.

2

## II.   DISCUSSION

Defendants primarily argue that the Illinois statute of limitations should apply to the replevin claim because, when an action sits in diversity and is transferred from one federal district to another, the choice-of-law rules of the transferor court should apply.  Therefore, according to Defendants, the Illinois statute of limitations forecloses Plaintiff's replevin claim.  For the following reasons, the Motion is denied because, based on New York's significant interest in resolving this dispute, New York's statute of limitations applies, and the replevin claim is therefore timely.

As a general rule, a federal court sitting in diversity or with pendent jurisdiction over state law claims applies the choice-of-law rules of the state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *accord Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015).  However, where a case is transferred from one district to another under 28 U.S.C. § 1404(a), the transferee court must adopt the law, including the choice-of-law principles, of the transferor court.  *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue."); *accord Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010).  The law of the transferor state applies so long as the transferor state could properly have exercised jurisdiction over the action.[1]  *Gerena*, 617 F.3d at 204.

The narrow issue presented in the Motion is whether the New York or Illinois statute of limitations governs Plaintiff's replevin claim.  Under both New York and Illinois law, statutes of

---

[1] The parties do not dispute that the Illinois court had jurisdiction over the action.

limitations are considered procedural. *Portfolio Recovery Assocs., LLC v. King*, 927 N.E.2d 1059, 1061 (N.Y. 2010) ("[S]tatutes of limitations are considered procedural because they are deemed as pertaining to the remedy rather than the right." (internal quotation marks omitted)); *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) ("Statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights."). Because "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), normally New York's statute of limitations would control, as the law of the forum state. *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998); *accord Wei Su v. Sotheby's, Inc.*, No. 17 Civ. 4577, 2019 WL 4917609, at *2 (S.D.N.Y. Oct. 4, 2019); *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Traditional choice-of-law analysis would not apply to determine the applicable statute of limitations because the issue is procedural.

However, where, as here, the diversity action begins as a first-filed case outside of the district, which is then transferred and consolidated with a second, mirror-image case, the issue is more complicated. *See generally Van Dusen*, 376 U.S. at 639; *Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 56 F.3d 13, 15 (2d Cir. 1995) ("[C]onsolidation is a procedural device that does not change the rights of the parties in the separate suits." (internal quotation marks omitted)). The Second Circuit has not directly addressed this issue of whether to apply the statute of limitations of the state where the action was first filed, or the state where the federal court sitting in diversity is adjudicating the consolidated action.

The parties dispute whether the New York or Illinois statute of limitations applies to the replevin claim. Under New York law, the statute of limitations for replevin is three years when

4

the claim involves a good-faith purchaser of a stolen chattel. *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 317 (1991); *accord PaySys Int'l, Inc. v. Atos SE*, No. 14 Civ. 10105, 2016 WL 10651919, at *6 (S.D.N.Y. July 14, 2016) (applying New York law). The claim begins to "accrue[] when the true owner makes demand for return of the chattel and the person in possession of the chattel refuses to return it." *Lubell*, 77 N.Y.2d at 317-18; *accord PaySys Int'l, Inc.*, 2016 WL 10651919, at *6. Plaintiff's replevin claim is timely under New York's statute of limitations because Plaintiff's demand for the Painting and Ms. Feinberg's refusal both occurred in 2018. Both actions were commenced in 2018.

Under Illinois law, the statute of limitations for a replevin claim is five years. *Hitt v. Stephens*, 675 N.E.2d 275, 277 (Ill. App. Ct. 1997); *accord Sherry v. City of Chicago*, No. 18 Civ. 5525, 2019 WL 2525887, at *4 (N.D. Ill. June 19, 2019) (applying Illinois law). Illinois law follows the general rule in tort actions that the statute of limitations begins to accrue when a plaintiff suffers injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135 (Ill. 1995). For replevin claims, the majority of Illinois courts have interpreted the point of accrual as when "facts exist which authorize one party to maintain an action against another," such as when the claimant has the right to take possession of the property upon breach of an agreement. *See*, *e.g., Meeker v. Summers*, 388 N.E.2d 920, 921 (Ill. App. Ct. 1979); *Isham v. Cudlip*, 179 N.E.2d 25, 33 (Ill. App. Ct. 1962) ("The seller's right to demand a return of the property accrued when default was made in payment," i.e., "at th[e] time a clear and full common law remedy of replevin available to the seller."). However, some Illinois courts have concluded -- like those in New York -- that a replevin claim does not begin to accrue until a demand is made and refused because a defendant's possession of the property is not considered wrongful for the purpose of a replevin claim until demand has been made and refused. *See, e.g.*,

5

*Sherry*, 2019 WL 2525887, at *4 (citing *First Illini Bank v. Wittek Indus., Inc.*, 634 N.E.2d 762, 763 (Ill. App. Ct. 1994)).  Apart from the general rule for accrual in tort actions, *see Hermitage Corp.*, 651 N.E.2d at 1135, the Illinois Supreme Court has not specifically addressed when the statute of limitations in a replevin claim begins to accrue.

This analysis is sometimes modified by the "discovery rule," which "'delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused,'" and "is applied on a case-by-case basis, balancing 'the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue.'"  *Hitt*, 675 N.E.2d at 277 (quoting *Hermitage Corp.*, 651 N.E.2d at 1135) (other internal quotations marks omitted).  Defendants are correct that Illinois courts have rejected the argument that a claimant's actual knowledge of who caused the injury is a prerequisite to the commencement of the running of the statute of limitations.  But this is merely a restatement of the discovery rule that the statute of limitations begins to run when the plaintiff knew *or should have known* of the right to sue.  For example in *Guarantee Tr. Life Ins. Co. v. Kribbs*, 68 N.E.3d 1046 (Ill. App. Ct. 2016), an Illinois intermediate appellate court held that fraud related claims filed against two individuals were time barred where the plaintiff -- before the five-year statute of limitations period -- knew that one of its own employees was involved in the wrongdoing and was provided a short list of potential witnesses that included the two individuals, and therefore had "provided no reason why it could not have discovered its claims . . . sooner through reasonable diligence."  *Id.* at 1055 (internal quotation marks omitted).

Under Illinois law, whether a particular claim is timely is an issue of fact, including the issue of "the time at which an injured party knows or reasonably should have known both of his

injury and that it was wrong[f]ully caused." *Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981). Here, Plaintiff's injury occurred when the Copy was substituted for the Painting. The parties dispute *when* Plaintiff knew or reasonably should have known that this occurred. Defendants contend that Plaintiff knew or reasonably should have known that the Painting was missing as early as 1987, based on "clear visual differences" between it and the Copy; that Plaintiff was made aware in 2003 that a restorer had made copies of other works from its collection back in 1987 but did not reasonably investigate the claims, and that Plaintiff admitted in 2007 that it knew that the Painting had a different title and signature than the Copy. Assuming these facts to be true, a reasonable fact finder could find that the Plaintiff could have discovered that the Painting was stolen and who had the painting prior to 2013, which would render the replevin claim untimely under Illinois law.

Because New York and Illinois statutes of limitations could yield different results in this case, it is necessary to decide which law applies. The Court therefore adopts the interest analysis as applied by the Fifth Circuit in *Bott v. Am. Hydrocarbon Corp.*, 441 F.2d 896, 898-901 (5th Cir. 1971). In *Bott*, two identical suits were filed, the first in Texas, the second in California, and both were later consolidated in Texas. *Id*. at 897-98. The Fifth Circuit held that, if there was a conflict between the Texas and California statutes of limitations, California law was the "correct choice" to apply, in part, because of the "primacy of California interests" in the suits, and that "consolidation must not prejudice the rights of the parties" and because the cause of action "arose in California between a foreign corporation doing business there and a California resident employed by it." *Id*. at 899-900. The Eleventh Circuit has adopted a similar approach. *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 753 (11th Cir. 1998) ("We hold that the 'balancing of interests' analysis is the appropriate way to determine which state's

7

law applies in consolidated cases such as these where of necessity only one state's law may be applied."). This test reflects the same principle underlying traditional New York choice-of-law analysis, i.e., that the law of the state with the greatest interest in the dispute should apply. *See White v. ABCO Eng'g Corp.*, 221 F.3d 293, 301 (2d Cir. 2000) (If an actual conflict exists, "New York courts seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute."); *accord Martin Hilti Family Trust v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 350 (S.D.N.Y. 2019).

Defendants argue that the Illinois statute of limitations applies in both consolidated actions under the "first to file" rule because the Illinois Action was filed first. This argument is unpersuasive. This consolidated action involves mirror image lawsuits between the same parties asserting almost identical claims. Interest analysis provides a reasonable and principled approach to the question of which law should apply. Defendants provide no persuasive reason that the applicable statute of limitations should be determined by the fortuity of who won the race to the courthouse. Moreover, the first to file rule does not address the choice of law issue. The rule states that "where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *accord Modu v. Notorious B.I.G., LLC*, No. 20 Civ. 2453, 2020 WL 3100212, at *1 (S.D.N.Y. June 10, 2020). Alternatively, when the rule applies, the second court may dismiss the second-filed case, transfer it to the first-filed district or stay the second case pending resolution of the first. *See Santana v. Cavalry Portfolio Servs., LLC*, No. 19 Civ. 3773, 2019 WL 6173672, at *5 (S.D.N.Y. Nov. 19, 2019). The first to file rule as expressed in these cases governs which of two mirror-image actions should proceed, not which law should apply

8

when the two cases are consolidated, which is the question here.  Defendants do not cite any case where the first to file rule has been applied to favor the state law of the first-filed case in this scenario.[2]  Accordingly, application of the first to file rule would be without precedent and is unwarranted.

Applying the interest analysis from *Bott*, New York's statute of limitations applies because New York has the greater interest in this dispute.  As Judge Nagle stated in granting Plaintiff's motion to transfer, "New York has a significant relationship to and interest in resolving this matter since it primarily concerns the ownership of valuable property that has been physically located in New York for at least the past 25 years and held by multiple New York residents."  The parties do not dispute that the Painting has been in New York since 1987, where Mr. Kaufman, a New York art collector, purchased it from Mr. Duncan, the alleged thief; that Mr. Duncan sold at least three other artworks stolen from Plaintiff's collection by bringing the work to New York to sell to New York art dealers; that the Painting changed hands multiple times in New York and was displayed in a Manhattan gallery; that Ms. Feinberg, a long-time New York domiciliary, purchased the Painting in 1993 from the Manhattan art gallery.  New York has the greater interest in assuring the legitimacy of its substantial fine art market.  *See*

---

[2] Application of the first to file rule in *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 434 F. Supp. 2d 203 (S.D.N.Y. 2006), is distinguishable because, while similar, the two cases in *Shaw* (which were later consolidated) involved different parties and different causes of action. *Id*. at 206.  Further, the New York court in *Shaw* stayed proceedings pending the outcome of a motion to dismiss for lack of personal jurisdiction in the first-filed Indiana action and stated that "had the Indiana court not transferred the Indiana action here, this Court would have held the New York action in abeyance pending the outcome of [the Indiana] action." *Id*. at 210.  By contrast, Judge Nagle denied Ms. Feinberg's request to enjoin the New York action and transferred the Illinois Action because of New York's significant relationship and interest in resolving the matter.  To the extent that principles articulated in *Shaw* would dictate a different result in the instant case, I respectfully disagree.

*Lubell*, 77 N.Y.2d at 320 (recognizing "that New York enjoys a worldwide reputation as a preeminent cultural center," and therefore has a particularly strong interest in deterring "illicit trafficking in stolen art"). Illinois's interest in contrast is to protect the rights of a single victim. Accordingly, New York's statute of limitations governs Plaintiff's replevin claim based on the "primacy" of New York interests, *see Bott*, 441 F.2d at 900, and Plaintiff's replevin claim is therefore timely.

## III. CONCLUSION

For the foregoing reasons, the Defendants' choice-of-law motion is DENIED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 97.

Dated: August 4, 2020
New York, NY

                                                              _____
                                                              **LORNA G. SCHOFIELD**
                                                              **UNITED STATES DISTRICT JUDGE**