UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ABBOTT LABORATORIES,                                          :
                              Plaintiff,                      :
                                                              :         18 Civ. 8468 (LGS)
            -against-                                         :         19 Civ. 600 (LGS)
                                                              :
NANCY FEINBERG et al.,                                        :         <u>ORDER</u>
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS the parties dispute the scope of the trial testimony of Karmin Maritato and whether Defendants may designate the deposition testimony of Ms. Mariato and Lela Hersh.

    WHEREAS Ms. Maritato, who is responsible for overseeing Plaintiff's art collection and related historical archives, was Plaintiff's Rule 30(b)(6) deponent. Plaintiff intends to call Ms. Maritato at trial to testify regarding: (1) items within her personal knowledge and (2) information she learned from Plaintiff's business records relating to the painting at issue. The Court permitted such testimony in the Order dated October 7, 2020, to the extent Ms. Maritato is qualified to interpret the records and the records themselves are admissible pursuant to a hearsay exclusion or exception.

    WHEREAS Ms. Hersh is an employee of Museum of Fine Arts Consulting, which Plaintiff retained to determine whether it possessed the original of the painting at issue or a copy. Defendants seek to designate deposition testimony from Ms. Hersh purportedly demonstrating that Plaintiff possessed a copy of the painting and should have recognized as much. Ms. Hersh is also designated as a live witness.

WHEREAS Defendants seek clarification as to whether they may designate Ms. Maritato's 30(b)(6) testimony and whether Ms. Maritato may be questioned -- on direct or cross-examination -- regarding Rule 30(b)(6) topics not within her personal knowledge. Notwithstanding that Plaintiff has not represented that it will raise such topics on direct examination beyond the business records addressed in the earlier Order, "Rule 30(b)(6) testimony is not 'binding' in the sense that it precludes the deponent from correcting, explaining, or supplementing its statements." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 34 (2d Cir. 2015); *see also A & E Products Group, L.P. v. Mainettie USA Inc.*, No. 01 Civ. 10890, 2004 WL 345841, at *7 (S.D.N.Y. Feb. 25, 2004) (noting that "a corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be 'bound' by his or her testimony. All this means is that the witness has committed to a position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue." (internal quotation marks omitted)); Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) (stating that 30(b)(6) testimony is not "'binding' in the sense that the corporate party is forbidden to call *the same or another witness* to offer different testimony at trial" (emphasis added, collecting cases)); *cf. Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) ("When it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve. . . . This Court, therefore, will not limit [the Rule 30(b)(6) deponent's] testimony strictly to matters within [deponent's] personal knowledge."). Accordingly, it is hereby

**ORDERED** that Defendants may designate portions of Ms. Maritato's 30(b)(6) deposition testimony.  At trial, Ms. Maritato will be permitted to testify on direct and cross-

examination as to matters within corporate knowledge to which she testified at deposition. It is further

      **ORDERED** that Ms. Hersh's testimony shall not be designated but shall be elicited live.

Dated: October 15, 2020
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**